JAMES K. SPRATT v. JOHN NICHOLSON.

The remedy of the owner of premises against which a mechanic's lien is filed, to remove and discharge the lien, is by a motion, on notice to the lienors under statute, and not by an action in equity:  _Held_, therefore, in an action by an owner against a lienor, to  remove such a lien, that a demurrer to the complaint on the ground that it did  not  state  facts  sufficient  to  constitute  a  cause  of action, will be sustained.

SPECIAL TERM, _December_, 1869.        .      .

MOTION for judgment on demurrer.

This action was brought to  obtain  judgment that two of three liens on the property of the plaintiff be removed and discharged of record.        .        .

The complaint alleged that the plaintiff was the owner of certain houses in this city, on which the defendant had done certain work; that the defendant had, under the Mechanics' Lien  Law,  filed  three  notices  of  mechanics' lien  during the months of January and February, 1869, on the said houses for the same work; that proceedings had been commenced by the defendant to  foreclose the last of said liens, but that no proceedings had been  commenced to foreclose the two first liens, and demanded judgment; that said two first liens be removed

and discharged of record. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against the defendant.

*Henry D. Brennan*, for plaintiff.

*Geo. W. Stevens*, for defendant. ·

BRADY, J.—Having decided that under the lien law of 1863 (*Vide Carroll* v. *Coughlin*, *ante* p. 179), an owner may compel the lienor to proceed with his lien, and if he fails to do so, the court may, by judgment in such proceeding, exempt the property affected from its operation, it must be held that the demurrer interposed in this case was well advised. The question, however, which otherwise would be presented, had not been passed upon in any adjudicated case when the demurrer herein was argued; and as this is an action in equity purely, and one which seemed necessary to give the plaintiff relief, I think the costs to be allowed the defendant, judgment being in his favor on the demurrer, should be limited to $10.

Ordered accordingly.